UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOMMIE JAMES EZELL,

        Petitioner,        Case No. 1:04-CV-214

v.        HON. GORDON J. QUIST

JOHN CASON,

        Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it the Petitioner's objections to the Magistrate Judge's Report and Recommendation issued on July 25, 2006. In his report and recommendation, the magistrate judge recommended that the Petitioner's habeas claim be denied. After conducting a *de novo* review of the report and recommendation, the Court concludes that the report and recommendation should be adopted by the Court.

The Petitioner objects to the magistrate judge's finding with respect to the state court's denial of an evidentiary hearing. The magistrate judge found that the state court's denial of a *Ginther* hearing is not cognizable on federal habeas review and that the Petitioner's Fourteenth Amendment claim based on the state court's failure to order a *Ginther* hearing was without merit. The Petitioner requests an evidentiary hearing but does not address the magistrate judge's conclusions. The Court finds that magistrate judge did not err in finding that the Petitioner's rights were not violated when the trial court denied his request for a *Ginther* hearing and that the denial of the request is not cognizable on federal habeas review.

The Petitioner next objects to the magistrate judge's findings regarding the Petitioner's ineffective assistance of counsel claim. The magistrate judge determined that the Petitioner's claim

fails because the record does not show that the Petitioner's counsel did not investigate Shaw. The Petitioner argues that an evidentiary hearing should be held to determine how much investigation was done by counsel. The Petitioner submits an affidavit which does not shed any additional light on counsel's investigation, but states that the Petitioner informed counsel that Shaw could corroborate the Petitioner's story. The Michigan Court of Appeals noted that counsel was aware of Shaw, and the Petitioner's affidavit does not present new evidence showing that counsel was deficient in failing to investigate Shaw.

The Petitioner further claims that the magistrate erred in finding that counsel's decision not to call Shaw to testify was a strategic decision not subject to review. The Petitioner does not present any additional evidence to overcome the presumption that counsel's decision was strategic, but claims that the magistrate judge's conclusion was based on speculation. However, the magistrate judge's determination was based on counsel's questions at trial in addition to the Michigan Court of Appeals' observation that counsel was aware of Shaw. Therefore, the magistrate judge did not err in finding that the decision not to call Shaw as a witness was one of trial strategy and not subject to review.

The Petitioner next objects to the magistrate judge's determination that the Petitioner did not suffer prejudice from counsel's action in not calling Shaw. As the magistrate judge pointed out, the evidence against the Petitioner's "hoax" theory was substantial. Because Shaw's affidavit is ambiguous and, when examined in light of the testimony against the Petitioner, does not exonerate the Petitioner, the magistrate judge did not err in finding that the failure to call Shaw as a witness did not deprive the Petitioner of a fair trial.

The Petitioner also asserts that the magistrate judge erred because Shaw's testimony would have addressed the requisite intent necessary for the crimes of armed robbery and home invasion.

2

The trial court observed that even if the Petitioner's story, that the crime was a hoax perpetrated by himself and Trotter, one of the victims, had been accepted by the jury, there was no evidence that Kukawski, the other victim, was a participant in such an agreement. The testimony of Kukawski did not suggest that Kukawski had agreed to be assaulted or robbed as part of a hoax. Shaw's testimony, if believed, would only apply to the requisite intent related to the robbery of Trotter.

The magistrate judge also determined that, under the circumstances, even if Shaw's testimony was believed, the alleged agreement between the Petitioner and Trotter did not constitute permission to enter a dwelling under Michigan's home invasion statute. The Petitioner argues that the magistrate judge examined the wrong portion of the statute. The Petitioner claims that he neither "'committed or 'intended to commit'" a crime "at the time he [broke into and entered the dwelling]." The Petitioner overlooks the alternative requirement that the defendant be found to commit a crime at any time while "present in" the dwelling. M.C.L. § 750.110a(2). Kukawski's testimony indicated that he was assaulted and robbed inside the home. Therefore, even assuming that a jury believed Shaw's testimony about an agreement between the Petitioner and Trotter, the Petitioner still committed a crime against Kukawski while present in the dwelling, which meets the requirement of M.C.L. § 750.110a(2). The magistrate judge did not err in finding that the Michigan Court of Appeals' resolution of this issue was neither contrary to, nor an unreasonable application of, clearly established Federal law as determined by the Supreme Court. Furthermore, the magistrate judge correctly concluded that the appellate court's decision was not based on an unreasonable determination of the facts in light of the evidence presented.

Finally, the Petitioner objects to the magistrate judge's finding that the Petitioner's prosecutorial misconduct claim was procedurally defaulted due to trial counsel's failure to object at trial. The Petitioner argues that the affidavit of Shaw is sufficient new evidence to show actual

3

innocence and asks for an evidentiary hearing at which Shaw can testify. However, as discussed by the magistrate judge, the affidavit does not constitute new evidence that the Petitioner is actually innocent of the crime, as is required. *Schlup v. Delo*, 513 U.S. 298, 329, 115 S. Ct. 851, 868 (1995); *Paffhousen v. Grayson*, No. 00-1117, 2000 WL 1888659, at *3 (6th Cir. Dec. 19, 2000). Therefore, the magistrate did not err in finding that habeas review of this claim is precluded.

The Petitioner also filed a motion for an evidentiary hearing to obtain Shaw's testimony and a motion to appoint counsel for the hearing. Because the record is sufficiently developed such that the Court will adopt the magistrate judge's report and recommendation, the Court will deny the Petitioner's motion for an evidentiary hearing and motion to appoint counsel. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued on July 25, 2006 (docket no. 27), is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that the Petitioner's motion for evidentiary hearing and motion to appoint counsel (docket no. 29) is **DENIED**.

**IT IS FURTHER ORDERED** that the Petitioner's petition for writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED** by this Court. This case is **concluded**.


Dated: February 14, 2007            /s/ Gordon J. Quist
                                    GORDON J. QUIST
                                    UNITED STATES DISTRICT JUDGE